UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONALD ADDISON MANZANO,

                              Plaintiff,

-against-

TRANS UNION (OF DELAWARE) LLC,

                              Defendant.

23-CV-5990 (JGLC)

ORDER OF SERVICE

---

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Donald Addison Manzano, of New York, brings this *pro se* action under the Fair Credit Reporting Act ("FCRA"). He sues TransUnion (of Delaware) LLC ("TransUnion"), for which he provides a Chicago, Illinois address. The Court construes the complaint as asserting claims under the FCRA and state law.

By order dated July 18, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service on the defendant.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on the defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue a summons for the defendant, complete the USM-285 form with the address for the defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: September 7, 2023
New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

TransUnion (of Delaware) LLC
555 West Adams Street
Chicago, Illinois 60661